**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CUBE INFRASTRUCTURE FUND SICAV, *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>KINGDOM OF SPAIN,<br><br>Defendant-Appellant | No. 25-7136 |

**DEFENDANT-APPELLANT'S MOTION TO STAY**

Defendant-Appellant Kingdom of Spain respectfully requests that the Court stay this appeal pending the U.S. Supreme Court's decision on Spain's petition for a writ of certiorari in related cases involving, *inter alia*, Spain's sovereign immunity that could render this matter moot.[1] The Supreme Court recently called for the views of the Solicitor General, which substantially increases the likelihood that certiorari will be granted. That the petition raises important foreign sovereign immunity issues heavily weighs in favor of a stay here.

[1] Spain has concurrently filed a motion to consolidate this appeal with another pending appeal, plus additional appeals that will reach this Court soon, all raising nearly identical issues. To the extent the Court consolidates these appeals, any stay granted here should apply to all of them.

A stay would also greatly ease the burdens on this Court, whose work would be a waste if the Supreme Court were to side with Spain on the Foreign Sovereign Immunities Act issue or the *forum non conveniens* issue also presented. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 179 (2017) (courts "must typically decide" jurisdictional matters "at the outset of the case"). On the other side of the scale, the Plaintiffs-Appellees would suffer no prejudice from staying the appeal.

Accordingly, to avoid irreparable harm to Spain, particularly in light of the sovereign immunity it stands to be accorded, and the needless expenditure of Court and party resources, the Court should stay this appeal (and any consolidated matters) until the Supreme Court either grants certiorari and decides the case or denies Spain's petition.[2]

## BACKGROUND

This case involves one of a series of petitions to confirm intra-European Union arbitration awards entered against Spain by an international tribunal despite that Spain—or any EU Member State—did not consent to arbitrate with EU nationals. Such intra-EU arbitrations violate fundamental EU-law principles, as Spain, EU

[2] Spain's counsel has conferred with Plaintiff-Appellees' counsel—as well as counsel for Blasket Renewable Investments LLC, which is the plaintiff/petitioner in a related case appealed earlier this week and in several more following closely behind—concerning this motion to stay. Counsel for each has stated that they object to the relief sought.

Members States, and the European Commission have repeatedly explained.[3] After the court below rejected these arguments and confirmed Plaintiffs-Appellees' award against Spain, Spain took this appeal to resolve the merits of the petition to confirm.[4]

Antecedent to the arguments presented in these appeals, however, are Spain's sovereign immunity and *forum non conveniens* defenses in each of the proceedings. Those two threshold issues are now pending before the Supreme Court, which has called for the views of the Solicitor General, after a panel of this Court resolved them adversely to Spain in a trio of interlocutory appeals. *See NextEra Energy Glob.*

---

[3] *E.g.*, Spain's Mem. Law Supp. Mot. Dismiss, *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708 (LLA), at 17–20 (D.D.C. May 6, 2022), Dkt. 43-1; Spain's Supp. Br. in Supp. Mot. Dismiss and Opp'n Cross-Mot. Summ. J. and Mot. Prelim. Inj., *Blasket Renewable Invs. LLC v. Kingdom of Spain*, No. 20-cv-1081 (BAH), at 11–20 (D.D.C. Mar. 4, 2025), Dkt. 82; Br. for the Eur. Comm'n on Behalf of the Eur. Union as *Amicus Curiae* in Supp. the Kingdom of Spain, *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708 (LLA), at 12–16 (D.D.C. May 16, 2022), Dkt. 46; Br. of the Gov't of Romania as *Amicus Curiae* in Supp. Pet'r, *Kingdom of Spain v. Blasket Renewable Investments LLC, et al.*, No. 24-1130, at 9–10, 13–18 (U.S. June 4, 2025).

[4] For example, the district courts have erred in refusing to decide whether the parties before them in fact agreed to arbitration, despite the fact that this Court—in the course of rejecting Spain's sovereign immunity and *forum non conveniens* defenses—was clear that whether Spain and any particular petitioner had in fact formed an agreement to arbitrate was a question for the merits that the district court should decide. *NextEra Energy Glob Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1103 (D.C. Cir. 2024). The panel explained that its decision on sovereign immunity did "not mean that [district courts] must or should" confirm the arbitration award, and it was clear that it did "not address the merits question whether . . . Spain ultimately entered into legally valid agreements with the companies." *Id.*; *see also id.* at 1110. Yet the district court here—and in several other related cases—declined to reach that question, deferring instead to the arbitrator. *See, e.g.*, *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708, 2025 WL 2374517, at *3 (D.D.C. Aug. 14, 2025).

*Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1103, 1105 (D.C. Cir. 2024) (holding that (a) the FSIA's arbitration exception applied because whether Spain in fact agreed to arbitrate with a particular petitioner was a question about the *scope* of the arbitration agreement rather than a question about the *existence* of such an agreement, and that (b) it would adhere to prior circuit panel precedent categorically declining to apply *forum non conveniens* in award enforcement proceedings), *en banc review denied*, Nos. 23-7031, 23-7032, 23-7038 (D.C. Cir. Dec. 2, 2024), *petition for certiorari pending*.

Pointing to a circuit split on both of these threshold questions, Spain petitioned for certiorari. Pet'n for Writ of Certiorari, *Kingdom of Spain v. Blasket Renewable Invs., LLC*, No. 24-1130 (U.S. filed May 1, 2025). The European Commission and several other EU Member States have urged the Supreme Court as *amici curiae* to grant the petition. On October 6, while denying nearly 750 petitions from over the summer after granting only five, the Supreme Court called for the views of the Solicitor General regarding Spain's petition, substantially increasing the likelihood that Spain's petition would be granted.

This case, *Cube*, raises both threshold issues in Spain's pending *cert.* petition—*i.e.*, sovereign immunity and *forum non conveniens*—and has now reached the Circuit after a district court confirmed an intra-EU award against Spain and entered a final judgment. Spain appealed another related case earlier this week, *see*

Notice of Appeal, *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 20-cv-01081 (BAH) (D.D.C. Oct. 14, 2025), Dkt. 99, and several others are following close behind, as described in Spain's concurrently filed motion to consolidate the appeals.

Prior to the issuance of the decision from which Spain took this appeal, Spain previously moved the district court to stay award confirmation proceedings pending Spain's then-forthcoming *cert.* petition, and the court denied the motion. Order Den. Mot. to Stay, *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708 (LLA), at 2 (D.D.C. Jan. 27, 2025), Dkt. 88. The district court declined to stay confirmation proceedings in that posture for three reasons: (i) Spain could not show that the Supreme Court was likely to grant its petition for certiorari or that it is likely to prevail on the merits; (ii) Spain was unlikely to face hardship absent a stay because dispositive motions on award confirmation had already been briefed in the district court; and (iii) Plaintiffs-Appellees were likely to suffer hardship from a stay because other creditors seeking to enforce a judgment against Spain might "supplant" their enforcement action. *Id.* at 2–3. None of the considerations on which the district court resolved the motion to stay confirmation proceedings apply to this motion to stay this confirmation-related appeal, as will be discussed below.

**ARGUMENT**

When deciding whether to grant a stay, a court considers any irreparable harm to the movant, whether the movant is likely to succeed on the merits, harms to other parties if relief is granted, and the public interest. *See* Cir. R. 8(a)(1); *RFE/RL, Inc. v. Lake*, 2025 WL 1453770, at *2 (D.C. Cir. May 7, 2025) (citing *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)).

*First*, Spain will be irreparably injured absent a stay given that it is being forced to endure merits-related appellate proceedings that harm its sovereign interests and that Spain stands to be held immune from. Federal courts "must typically decide" jurisdictional matters, including whether jurisdiction exists under the FSIA, "at the outset of the case." *Helmerich*, 581 U.S. at 179. And courts treat a sovereign's immunity defense as jurisdictional because doing so grants "protection from the inconvenience of suit." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 479 (2003); *see Helmerich*, 581 U.S. at 174 (calling this "foreign sovereign immunity's basic objective"). If it were otherwise, resolving a jurisdictional defense at summary judgment would "embroil the foreign sovereign in an American lawsuit for an increased period of time." *Helmerich*, 581 U.S. at 183. While Spain has already had to litigate this case and others to final judgment pending ultimate resolution of its claim to sovereign immunity, the Supreme Court stands on the precipice of providing that resolution and may do so in a manner that would obviate these

proceedings altogether. Indeed, it has before it *two issues*—sovereign immunity and *forum non conveniens*—that could terminate these cases before a court can even consider the merits. Forging ahead with this appeal would burden Spain with even further litigation that might ultimately prove to have been prohibited all along.

*Second*, the Supreme Court's recent call for the views of the Solicitor General ("CVSG") significantly increases the likelihood that Spain's petition for certiorari will be granted and that Spain is likely to prevail. Empirical research shows that

> across all types of cases (not just patent cases), the mere issuance of a CVSG makes it over ten times more likely that the Court will grant cert. Though the Court's overall grant rate is about 4%, from 2002 through 2016, the Court granted 139 of the 308 petitions on which it issued a CVSG, or 45.1%. (That figure excludes petitions that were [simultaneously granted, vacated, and remanded] or dismissed due to settlement.)

Paul R. Gugliuzza, *The Supreme Court at the Bar of Patents*, 95 Notre Dame L. Rev. 1233, 1253 (2020); *see also*, *e.g.*, Adam Feldman, *Comparing Cert Stage OSG Efforts Under Obama and Trump*, Empirical SCOTUS (June 5, 2019), https://empiricalscotus.com/2019/06/05/cert-stage-osg/ ("[B]y the middle of May 2019, the Court has yet to deny a petition that [Office of the Solicitor General] under Trump recommended the Court grant after a CVSG."). The dramatically increased likelihood that the Supreme Court will hear Spain's petition weighs in favor of staying this appeal in the interim.

*Third*, a stay of this and related appeals will not burden Plaintiffs-Appellees or other interested parties. A stay will not affect the underlying judgment or Plaintiff-Appellees' ability to seek to enforce it. The district court could stay enforcement, but any such decision is divorced from this appeal. There is no harm, therefore, caused by waiting a few months before starting to brief this appeal (particularly because the Supreme Court's review could obviate briefing and decision altogether).

*Fourth*, the public interest supports issuance of a stay. "Actions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States," *Verlinden*, 461 U.S. at 493, which is involved in "about 1,000 cases in 100 courts around the world" at any given time, *Helmerich*, 581 U.S. at 183. As the Executive Branch has explained, reciprocity concerns mean that "requiring a legal determination of immunity at the 'threshold' of the action is necessary to ensure that the foreign state actually receives the protections of immunity if no exception applies, to preserve the dignity of the foreign state and comity between nations, *and* to safeguard the interests of the United States when it is sued in foreign courts." Br. of the United States at 8, *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, No. 15-423, 2016 WL 4524346, at *8 (U.S. filed Aug. 26, 2016) (citation omitted) (emphasis added). While in Spain's view, it already has had to wrongfully endure merits proceedings that its

sovereign immunity should have prohibited and *forum non conveniens* should have avoided, there would be further violence to the entire purpose of those doctrines if Spain were to be forced to fully brief this appeal, and the Supreme Court were subsequently to hold that the courts, in fact, lack jurisdiction to hear this matter or should have dismissed it for *forum non conveniens*. Additionally, not heeding a sovereign's interest in the United States courts erodes the principle of sovereign immunity generally which may redound to the detriment of the United States abroad by being forced to also endure protracted merits proceedings in cases in which it too should properly be immune. The public interest, accordingly, weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Spain respectfully requests that the Court issue an order: (i) staying the above-captioned matter (including any cases with which it is ultimately consolidated) pending the Supreme Court's decision on Spain's petition for a writ of certiorari in *Kingdom of Spain v. Blasket Renewable Investments LLC, et al.*, No. 24-1130 (U.S.); and (ii) granting such other relief as the Court deems appropriate.

Dated: October 16, 2025

Respectfully submitted,

/s/ *Eamon P. Joyce*

Eamon P. Joyce
Tyler J. Domino
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-8555
Fax: (212) 839-5599
ejoyce@sidley.com
tdomino@sidley.com
*Attorneys for Defendant-Appellant Kingdom of Spain*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2025, I electronically filed the foregoing Motion to Stay with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: October 16, 2025

Respectfully submitted,

/s/ *Eamon P. Joyce*

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-8555
Fax: (212) 839-5599
ejoyce@sidley.com
*Attorney for Defendant-Appellant*
*Kingdom of Spain*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,588 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman.

/s/ *Eamon P. Joyce*
Eamon P. Joyce